UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERIN BORDEN, and
CURTIS BORDEN

    Plaintiff,

v.

KAMPGROUNDS OF AMERICA, INC.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ERIN BORDEN ("Mrs. Borden") and CURTIS BORDEN ("Mr. Borden") (collectively, "Plaintiffs", by and through the undersigned attorneys, files this action against Defendant, KAMPGROUNDS OF AMERICA, INC. ("Defendant" or "KOA"), and state:

## PARTIES

1. Plaintiff, Mrs. Borden, is a citizen of the state of Florida.

2. Plaintiff, Mr. Borden, is a citizen of the state of Florida.

3. At all times material hereto, Plaintiffs were, and are, lawfully married as husband and wife in the State of Florida.

4. Defendant, KOA, is a citizen of the State of Montana. KOA is incorporated in the State of Montana and maintains its principal place of business in the State of Montana.

5. KOA operates a vacation campground, the Okeechobee KOA Resort, located at or around 4276 US-441, Okeechobee, FL 34974 (the "Subject Land").

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity between the Plaintiffs and the Defendants, and the matter in controversy exceeds $75,000.00, exclusive of interest, attorney's fees and cost.

## VENUE

7. KOA engages in substantial and not isolated business activity in Okeechobee County, Florida. Specifically, the Subject Land is located in Okeechobee County, Florida, and is the location where the incident that gives rise to this action occurred.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the incident at issue and bodily injuries occurred in Okeechobee County, Florida. Moreover, the Subject Land is located in Okeechobee County, Florida.

## GENERAL ALLEGATIONS

9. KOA encourages its business invitees and patrons to use its swimming and hot tub facility located on the Subject Land, owned by KOA and made available for use to KOA's business invitees and patrons.

10. On September 6, 2020, Mrs. Borden was a business invitee and patron of KOA on the Subject Land.

11. At that time and place, Mrs. Borden entered the hot tub. When she went to get out, she stepped on the base of an ADA Swimming Pool Lift, which represented a latent and hidden defect. There was no warning of any latent and/or hidden defects regarding same. Suddenly, and without warning, Mrs. Borden tripped and fell on the latent and hidden defect that existed on the Subject Land. Specifically, she tripped and fell on the base of the ADA Swimming Pool Lift, which was a concealed danger that was not properly maintained by KOA.

12. KOA was on actual and/or constructive notice that the concealed danger of the base of the ADA Swimming Pool Lift was unsafe for patrons traveling around and/or out of the hot tub. KOA did not provide warning of same before and/or at the time the hot tub was utilized by Mrs. Borden.

13. As a result of KOA's inadequate warning system and/or inadequate maintenance, Mrs. Borden was unaware of the unsafe condition that existed outside of the hot tub. Thus, she was unable to avoid the hard and forceful impact of her body or parts thereof with the concrete pool deck when the ADA Swimming Pool Lift caused her to trip and fall.

14. As a result, Mrs. Borden was significantly injured and damaged due to the aforementioned negligence of KOA.

### **COUNT I – NEGLIGENCE OF KOA**
(On behalf of Mrs. Borden)

15. Mrs. Borden realleges and re-affirms the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. On September 6, 2020, Mrs. Borden was a business invitee on the Subject Land owned by KOA.

17. At that time and place, KOA owed Mrs. Borden a duty to maintain the property in a reasonably safe condition and free from any and all dangerous and/or hazardous conditions which existed on the Subject land and which KOA knew or should have known with the exercise of reasonable care.

18. At all times material hereto, KOA had an affirmative duty to its business invitees, including Mrs. Borden, to warn or inform them of dangerous and/or hazardous conditions and about which KOA knew or should have known with the exercise of reasonable care.

19. At all times material hereto, KOA breached its duty and was thereby negligent by doing or failing to do the following:

    a. Failing to properly maintain the pool deck and/or area of the property for any potentially hazardous conditions;

    b. Failing to correct a dangerous condition which foreseeably could have, and in fact did, cause serious and permanent bodily injuries to Mrs. Borden;

    c. Failing to properly inspect the area and the surrounding area on the Subject Land for the safety of its business invitees;

    d. Engaging in a negligent mode of operation by failing to maintain the Subject Land in a reasonably safe manner and failing to have adequate safeguards and/or protocol regarding its ADA Swimming Pool Lift(s) to prevent and guard against the foreseeable harm which occurred to Mrs. Borden and KOA could have reasonably anticipated a dangerous condition would, and did, arise from its mode of operation;

    e. By failing to provide procedures and policies concerning the inspection, maintenance, and/or repair of the ADA Swimming Pool Lift(s);

    f. By failing to provide procedures and policies concerning the inspection, maintenance, and/or repair of the Subject Land;

    g. By failing to provide warning signs in and around the area where Mrs. Borden fell.

20. As a direct, foreseeable and proximate cause of KOA's negligence, Mrs. Borden suffered damages and serious personal bodily injury and resulting pain and suffering including, but not limited to, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These damages and losses are either permanent or continuing in nature.  As a result of the negligence of KOA, Mrs. Borden suffered said damages and losses in the past and will continue to suffer said losses in the future.

**WHEREFORE**, Plaintiff, Mrs. Borden, demands judgment for damages against the defendant, KOA, in excess of $75,000.00, plus interests and costs, and requests a trial by jury on all issues so triable.

### COUNT II- LOSS OF CONSORTIUM AGAINST KOA
(On behalf of Mr. Borden)

21. Mr. Borden realleges and re-affirms the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

22. At all times material hereto, Plaintiffs, Mr. Borden and Mrs. Borden, were and continue to be married to each other, living together as husband and wife, and are dependent upon each other for both services and support.

23. As a direct, foreseeable, and proximate cause of the above-stated negligence of KOA, as alleged herein above, Mr. Borden has suffered in the past and will continue to suffer in the future, the loss of Mrs. Borden's services, support, consortium, and the care and comfort of her society including, but not limited to, sexual relations, affection, solace, comfort, companionship, conjugal life and assistance so necessary to a successful marriage.

**WHEREFORE**, Plaintiff, Mr. Borden, demands judgment for damages against the defendant, KOA, in excess of $75,000.00, plus interests and costs, and requests a trial by jury on all issues so triable.

DATED: September 22, 2020

Respectfully Submitted,

**Pike & Lustig, LLP**
*/s/ Daniel Lustig*
Michael J. Pike
Florida Bar No.: 617296
Daniel Lustig

Florida Bar No.: 059225
Robert C. Johnson
Florida Bar No.: 116419
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
pleadings@pikelustig.com
*Counsel for Plaintiffs*